**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**LPP MORTGAGE, LTD.**                                                                            **PLAINTIFF**

**vs.**                                                        **CIVIL ACTION NO. 2:10–CV–216–KS–MTP**

**MICHAEL R. TRAVIS; SHANNON TRAVIS;**
**ROBERT HERSCHEL EDWARD SANDERFORD**                      **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Currently before the Court is Plaintiff's Motion for Default Judgment [10]. For the reasons stated below, the motion is **denied in part and granted in part.**

**I. BACKGROUND**

On June 12, 2006, Robert Sanderford and Dawn Sanderford executed a deed of trust in favor of Countrywide Home Loans, Inc. ("Countrywide") on a parcel of real property located in Smith County, Mississippi, located at 733 South County Road 43, Mount Olive, Mississippi (the "Subject Property"). In exchange for the lien, they received a cash payment of $66,750.00. The deed of trust was recorded with the Chancery Clerk of Smith County, Mississippi, on June 22, 2006.

On May 11, 2007, Dawn Sanderford and Doris Adkins conveyed their interest in the subject property to Robert Sanderford by a quitclaim deed, which was recorded in the office of the Chancery Clerk of Smith County, Mississippi, on June 8, 2007. On the same day, Robert Sanderford sold the subject property to Michael Travis and Allison Travis for $106,000.00. Sanderford did not execute, deliver, and/or record any deed to the Travises.

The Travises contributed $10,600.00 of the purchase price, and they executed a deed of trust in favor of Gateway Mortgage Group, LLC ("Gateway") in the amount of $95,400.00 for the remainder. The deed of trust was recorded with the Chancery Clerk of Smith County, Mississippi, on June 8, 2007.

$71,701.78 of the sale proceeds were used to pay off the Sanderfords' existing mortgage held by Countrywide. Therefore, after the transactions of May 11, 2007, Countrywide's interest in the subject property was terminated, Gateway held a mortgage in the amount of $95,400.00 on the subject property, and Sanderford had sold the subject property to the Travises, but failed to execute, deliver, and/or record any deed.

On May 14, 2007, Gateway assigned the loan to New South Federal Savings Bank ("New South"), and the assignment was recorded with the Chancery Clerk of Smith County, Mississippi on October 29, 2007.

On May 25, 2007, Countrywide released the deed of trust executed by the Sanderfords, and the release was recorded with the Chancery Clerk of Smith County, Mississippi, on June 4, 2007.

On April 1, 2010, the Federal Deposit Insurance Corporation ("FDIC"), as receiver for New South, assigned the Travises' mortgage on the subject property to Beal Bank. On the same day, Beal Bank assigned the mortgage to Property Acceptance Corp., and then Property Acceptance Corp. assigned the mortgage to Plaintiff, LPP Mortgage. All three assignments were recorded with the Chancery Clerk of Smith County, Mississippi, on April 22, 2010.

Plaintiff filed the present declaratory judgment action on August 30, 2010. Plaintiff first requests that the Court declare that either the Travises or Robert Sanderford is the fee simple owner of the subject property. In the event that the Court determines that the Travises own the property,

Plaintiff requests that the Court either 1) require Sanderford to sign a deed conveying the subject property to the Travises or 2) order that the title to the subject property be reformed to reflect that the Travises are its fee simple owners. Plaintiff further requests that the Court declare that it has a first priority equitable lien on the subject property in the amount of $95,400.00 plus interest as reflected by the deed of trust executed by the Travises on May 11, 2007.

In the event that the Court determines that Sanderford owns the property, Plaintiff requests that the Court declare that it has a first priority equitable lien on it in the amount of $71,701.78 plus interest, according to the terms of Sanderford's mortgage with Countrywide.

## II. STANDARD OF REVIEW

"A defendant must serve an answer . . . within 21 days after being served with the summons and complaint." FED. R. CIV. P. 12(a)(1)(A). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Plaintiff filed its Complaint on August 30, 2010. Defendants Shannon Travis and Michael R. Travis were served with process on September 7, 2010. Defendant Sanderford was served with process on September 27, 2010. Therefore, Defendants Shannon and Michael Travis were required to answer by September 28, 2010, but failed to do so. Defendant Sanderford was required to answer by October 18, 2010, but likewise failed to do so. Accordingly, the clerk's entry of default on February 1, 2011, was proper.

By their default, Defendants have admitted Plaintiff's well-pleaded allegations of fact. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Therefore, in addressing Plaintiff's Motion for Default Judgment, the Court accepts the factual allegations of

Plaintiff's Complaint as true. However, the entry of a default "does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Id.* "[F]ederal courts should not be agnostic with respect to the entry of default judgments, which are 'generally disfavored in the law." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th 2000). Therefore, the Court is obligated to ensure that a plaintiff seeking a default judgment is entitled to judgment as a matter of law based on the admitted factual allegations of the complaint.

### III. DISCUSSION

Plaintiff first argues that the Court should confirm the title of Michael and Allison Travis in the subject property, citing Mississippi Code Section 11-17-29. That statute provides:

> The owner in possession of any land, or the owner thereof who may be out of possession, if there be no adverse occupancy thereof, may file a bill in the chancery court to have his title confirmed and quieted . . . . If on the final hearing of any such suit, the court shall be satisfied that the complainant is the real owner of the land, it shall so adjudge, and its decree shall be conclusive evidence of title as determined from the date of the decree as against all parties defendant.

MISS. CODE ANN. § 11-17-29 (2010). The statute does not appear to contemplate a situation such as the one presented here – where a mortgagee sues to confirm title in the mortgagor. Plaintiff admits as much in their briefing, and Plaintiff has not cited any Mississippi law in support of the proposition that a mortgagor, lienholder, or any other similar third party may sue to confirm title in the purported owner of a piece of real property. The Court questions whether Plaintiff even has standing to pursue an action to confirm the Travises' interest in the subject property. Therefore, the Court will not confirm the title of Michael and Allison Travis in the subject property.

Plaintiff alternatively argues that the Court should reform the title to the subject property. However, Sanderford never executed a deed to the Travises. Therefore, there is no instrument of

conveyance for the Court to reform. Plaintiff has not cited any law in support of the notion that courts in Mississippi are permitted to "reform title" to reflect a party's ownership of a piece of property when no instrument of conveyance was ever executed, and this Court declines to create such law in this case.

Next, Plaintiff argues that the Court should order Sanderford to execute a deed conveying the property to the Travises. Plaintiff admits in briefing that the only reported occurrences of such orders are in divorce actions. However, Plaintiff argues that, in the absence of any appropriate or adequate remedy at law, the Court should order Sanderford to execute a warranty deed to the Travises in the interests of justice and equity. The Court will not order Sanderford to execute a warranty deed, as another appropriate and adequate remedy exists: an equitable lien.

The Mississippi Supreme Court has recognized the validity of equitable liens. *Lindsey v. Lindsey*, 612 So. 2d 376, 379 (Miss. 1992) (citing *Pincus v. Collins*, 22 So. 2d 361, 362 (Miss. 1945)). The Mississippi Supreme Court has also relied upon the following explanation of equitable liens:

> Where debts or claims against property are paid in good faith by another on the express or implied request of the owner of the property, the one so paying is entitled to an equitable lien on the property for his reimbursement. However, such a person is not entitled to such lien if he voluntarily pays the debts of another without such other's request, unless, under the circumstances, the later is estopped to deny the lien; nor is he entitled to a lien if he makes such payment in order to obtain wrongful possession of the property.

*Id.* (quoting 53 C.J.S. *Liens* § 4, at 945 (1948)). Such liens may "also be impressed out of recognition of general principles of right and justice." *Id.* (quoting *Dudley v. Light*, 586 So. 2d 155, 159 (Miss. 1991)). "A principal reason for impressing an equitable lien is to prevent unjust enrichment, i.e. where it would be contrary to equity and good conscience for an individual to retain

a property interest acquired at the expense of another." *Id.*

In *Associates Financial Services Company v. Bennett*, 611 So. 2d 973, 976-77 (Miss. 1992), the Mississippi Supreme Court held that a financing company was entitled to an equitable lien on a property, despite the fact that the parties who executed the deed of trust had no interest in the property, as the deed transferring it to them was defective. The Mississippi Supreme Court observed that it was undisputed that the plaintiff financing company had paid off and satisfied the indebtedness attached to the property, and that one of the purported owners of the property had received cash from the transaction. *Id.* at 977. Accordingly, the plaintiff was entitled to a lien on the property. *Id.*

In the present case, it is undisputed that Plaintiff, as the assignee of the original lender in this transaction, contributed $95,400.00 to the purchase of the subject property on May 11, 2007, as evidenced by the HUD-1 statement. Therefore, Plaintiff is entitled to an equitable lien on the property in the amount that they contributed to the transaction. *See Id.* at 976-77. Accordingly, the Court grants Plaintiff, LPP Mortgage, Ltd. an equitable lien on the subject property – a parcel of real property located in Smith County, Mississippi located at 733 South County Road 43, Mount Olive, Mississippi – in the amount of $95,400.00. A more particular description of the subject property is attached as "Exhibit A" to this Memorandum Opinion and Order.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Default Judgment is **denied in part and granted in part**. The Court declines to confirm the title of Michael and Allison Travis in the subject property or order Robert Sanderford to execute a warranty deed. However, the Court grants Plaintiff

an equitable lien on the subject property in the amount specified above. The Court shall enter a separate judgment consistent with this opinion.

      SO ORDERED AND ADJUDGED this, the 24th day of March, 2011.

                                  *s/Keith Starrett*
                                  UNITED STATES DISTRICT JUDGE